## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAFONDA WILLIAMS** | § | **PLAINTIFF** |
| | § | |
| **v.** | § **CIVIL ACTION NO. 1:06CV1077-LG-JMR** | |
| | § | |
| **TIMOTHY C. COX, CHIEF OPERATING** | § | |
| **OFFICER FOR THE ARMED FORCES** | § | |
| **RETIREMENT HOME** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER GRANTING
### <u>DEFENDANT'S MOTION TO DISMISS</u>

**THIS MATTER IS BEFORE THE COURT** on Motion of the Defendant, Timothy

Cox to Dismiss [6].  The Court finds that the doctrine of equitable tolling does not toll the statute

of limitations and that Plaintiff's Title VII claim is time-barred.  Accordingly, Defendant's

Motion to Dismiss is granted.

### FACTS

Lafonda Williams, a federal employee, worked as a Certified Nursing Assistant at the

Armed Forces Retirement Home for approximately thirty years.  She alleges in her complaint that

she was the victim of unlawful race discrimination in March of 2002 when she was not promoted

to the positions of Health Technician and Lead Nursing Assistant.  In addition, she alleges that

Defendant's discriminatory conduct is the basis for her claim of intentional infliction of

emotional distress. (Compl. at 4).  The Equal Employment Opportunity Commission denied

Plaintiff's claim.  On March 31, 2004, the EEOC denied Plaintiff's request for reconsideration of

its decision and notified her that she had the right to file a civil action within ninety days from the

date on which she received the decision. (Ex. A to Def.'s Mot.).  Plaintiff concedes that she

received the EEOC's decision on April 4, 2004.  Eighty-seven days later, on June 30, 2004,

Plaintiff's retained attorney filed the first civil complaint.  On September 1, 2006, that complaint was dismissed without prejudice pursuant to FED. R. CIV. P. 4(m) for failure to effect service of process upon the Defendant with process.[1]  On October 20, 2006, approximately forty-eight days after dismissal of the first complaint, Plaintiff, through her attorney, filed this civil complaint.  Defendant has filed a Motion to Dismiss, asserting that Plaintiff's pending claim was not filed within ninety days of receipt of the EEOC's denial of her request for reconsideration and is therefore barred.

**DISCUSSION**

An employee must file an employment discrimination claim in the district court within ninety days of receipt of notice of final action by the EEOC.  42 U.S.C. §2000e-16(c).  Plaintiff claims that she received notice from the EEOC on April 4, 2004.  This case was filed on October 20, 2006, over two and one-half years later.  According to the Plaintiff, the time limitation should be tolled under the doctrine of equitable tolling.  *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990).  Defendant counters that he will be prejudiced by allowing Plaintiff to pursue time barred claims because the Armed Forces Retirement Home closed due to severe damage caused by Hurricane Katrina before Defendant was served with process.  Defendant also contends that he will have great difficulty locating witnesses to the promotion process, and the witnesses will

---

[1]In cause number 1:04cv600, the docket indicates that on February 9, 2005, the Court entered an order requiring the Plaintiff to show cause why the case should not be dismissed for failure to effect service of process pursuant to FED. R. CIV. P. 4(m).  Based upon Plaintiff's response, the Court granted the Plaintiff until March 25, 2005, to effect service of process.  On April 1, 2005, the Court entered a second show cause order.  On April 18, 2005, Plaintiff responded to the show cause order and represented to the Court that the "Plaintiff has served the Defendant and is awaiting the executed summons return."  In fact, Defendant had not been served with process and a new summons was issued by the Clerk of Court on May 22, 2006.  On September 1, 2006, the Court entered the 4(m) dismissal order.

likely have little or no memory of the events at issue.

In *Irwin*, the Supreme Court summarized the doctrine of equitable tolling as follows:

> We have allowed equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin*, 498 U.S. at 457-58 (footnotes and citations omitted).

In Plaintiff's response she points out that her first complaint was timely and that while the case was pending the statute of limitations was tolled. The only support for Plaintiff's equitable tolling claim is her assertion that Defendant was properly served with process in the second complaint.[2] Plaintiff offers no explanation for the delay between the time the first complaint was dismissed and the second complaint was filed. Neither does Plaintiff offer any facts from which the Court could conclude that she has pursued her claims with the "diligence and alacrity" that would justify application of the doctrine of equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508 (5th Cir. 2000). In fact, Plaintiff's first complaint was dismissed without prejudice because she failed to effect service of process while the case lay in a state of repose for over two years. Unfortunately, counsel's errors do not justify equitable tolling. *Salinas v. Dretke,* 354 F.3d 425, 433-32 (5th Cir. 2004); *Carter v. Texas Dept. Of Health,* 119 Fed. Appx. 577 (5th Cir. 2004)(holding that plaintiff's original case was dismissed because of his prior attorney's lack of diligence and attorney's errors are not grounds for equitable tolling).

---

[2]"Plaintiff's filing of her initial Complaint tolled the statute and effected proper services in her subsequent Complaint demonstrates that the doctrine of equitable tolling applies." *See* Plaintiff's Memorandum In Opposition To Defendant's Motion to Dismiss, at 5.

Additionally, the Court finds that Plaintiff's claim of intentional infliction of emotional distress is preempted by Title VII of the Civil Rights Act of 1964, because her emotional distress claim is based upon factual allegations identical to those set forth in her Title VII claim.  *See Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 833 (1976)(holding that Title VII is the exclusive judicial remedy for claims of discrimination in federal employment, in that "[i]t would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading"); *see also Pfau v. Reed*, 125 F.3d 927, 934 (5th Cir. 1997), *vacated on other grounds*, 525 U.S. 801 (1998)(holding that a federal employee's claim of intentional infliction of emotional distress was preempted by Title VII because her emotional distress claim was based on the same facts as her Title VII claim); *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992)("[I]t is well settled that the provisions of Title VII of the Civil Rights Act applicable to claims of racial discrimination in federal employment are the exclusive and preemptive remedy for such claims.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant, Timothy Cox's Motion to Dismiss is **GRANTED**.  Plaintiff, LaFonda Williams' claims are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 27th day of June, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE